OFFICE CLERK OF DISTRICT COURT
VALLEY COUNTY
FILED
NOV 0 6 2023
SHELLEY BRYAN

Bryant S. Martin
Rice & Martin, P.C.
513 Main Street
P. O. Box 728
Miles City, Montana 59301
Telephone: (406) 232-4070
Telefax: (406) 232-4093
bryant@ricemartin.com
Attorneys for Plaintiff

# MONTANA SEVENTEENTH JUDICIAL DISTRICT COURT
## VALLEY COUNTY

| | |
|---|---|
| BOON CAPITAL GROUP, LP,<br><br>Plaintiff,<br><br>vs.<br><br>GREEN POWER, INC., MICHAEL PETER SPITZAUER a/k/a MICHAEL McCUNE and MICHAEL PETER SCOTT SPITZAUER McCUNE a/k/a MICHAEL P. SPITZAUER McCUNE d/b/a GREEN POWER, INC., JAMES OSTERIOH, UNITED STATES OF AMERICA, and all other persons, unknown, claiming or who might claim any right, title, estate, or interest in or lien or encumbrance upon the real property described in the complaint adverse to plaintiff's ownership or any cloud upon plaintiff's title, whether the claim or possible claim is present or contingent.<br><br>Defendants. | Cause No. DV-2023-33<br><br>Hon. Yvonne Laird, District Judge<br><br>**COMPLAINT TO QUIET TITLE** |

COMES NOW, Plaintiff Boon Capital Group, LP, by and through its attorney, Bryant S. Martin, and for its cause of action against Defendants and unknown Defendants, alleges as follows:

1. This action is commenced under the provisions of Section 70-28-101 et seq., MCA, for the purpose of determining any claim or possible claim to the real property hereinafter described of

any person or persons, both known and unknown, who claim or might claim any right, title, estate or interest therein, or any lien or encumbrance thereon, adverse to Plaintiff's ownership, or any cloud upon Plaintiff's title thereto, whether such claim or possible claim be present or contingent including any claim or possible claim of dower, inchoate or accrued, and quieting title to the said real property hereinafter described.

2. This action is commenced and maintained in the District Court of the Seventeenth Judicial District of the State of Montana, in and for the county of Valley, in which County the real property herein described is situated.

3. The real property that is the subject of this Complaint is legally described as follows:

A tract in Section 34, T31N, R40E, P.M.M., Valley County, Montana, set forth on Certificate of Survey No. 328 filed in the office of the Valley County Clerk and Recorder on April 11, 2003, as M#23871, and more particularly described as follows:

Beginning at the SE section corner of said Section 34 which is the TRUE POINT OF BEGINNIN G; then N 89d 58' 20" W a distance of 2643.77 feet to the S¼ corner; then S 89d 58' 20" W a distance of 1446.33 feet; then N 30d 01' 05" E a distance of 1580.00 feet; then N 59d 58' 55" W a distance of 1140.59 feet; then N 30d 04' 28" E a distance of 1510.75 feet; then S 59d 55' 52" E a distance of 871.00 feet; then N 30d 16' 36" E a distance of 567.67 feet; then S 60d 00' 48" E a distance of 1581.90 feet; then N 29d 59' 12" E a distance of 551.00 feet; then S 60d 00' 48" E a distance of 896.30 feet; then S 00d 03' 03" E a distance of 1852.60 feet; then N 89d 56' 57" E a distance of 100.00 feet; then S 00d 03' 03" E a distance of 630.00 feet to the TRUE POINT OF BEGINNING. Deed recorded as Doc. 131165

AND

A tract of land in Section 34, T31 N, R40E, that portion of the N½ of Section 3 and the SE¼NE¼ of Section 4, set forth on Certificate of Survey No. 255, filed in the office of the Valley County Clerk and Recorder on July 23, 1992, as M#22594. Deed recorded as Doc. No. 156119

AND

That portion of the north ½ of Section 3 and the north ½ of Section 4, all within Township 30 North, Range 40 East of the Principal Meridian, Montana, (P.M.M.), Valley County, Montana, set forth on Certificate of Survey No. 254 filed in the office

of the Valley County Clerk and Recorder on September 10, 1992, as M#22593, and more particularly described as follows:

 The Basis of Bearing for the following described boundary is a quadrantal azimuth of North 0d05'07" East, measured along the Section line from the East ¼ corner of Section 4, a set number 5 rebar with an aluminum cap, to the Northeast corner of said Section 4, an existing iron pin with survey cap.

 Beginning at a set number 5 rebar with aluminum cap on the east-west ¼ line of said Section 4, a distance of 287.32 feet from said east ¼ corner of Section 4; thence North 89d58'30" West a distance of 1106.36 feet to the southwesterly corner of this C.O.S., said point being a set number 5 rebar with aluminum cap; thence North 30d07'44" East a distance of 2783.68 feet to a set number 5 rebar with aluminum cap on the east line of said Section 4; thence continuing North 30d07'44" East a distance of 209.60 feet to a point on the southerly boundary of C.O.S. No. 245, said point being a set number 5 rebar with aluminum cap; thence South 59d57'26" East along said southerly boundary of C.O.S. No. 245 a distance of 952.42 feet to the northeasterly corner of this C.O.S., said point being an existing iron pin with survey cap; thence South 30d01'05" West a distance of 1864.00 feet to a set number 5 rebar with aluminum cap on said east line of Section 4; thence continuing South 30d01'05" West a distance of 575.81 feet to southeasterly corner of this C.O.S., said point being the point of beginning. Deed recorded as Doc. No. 131164.

4. Plaintiff, Boon Capital Group, LP is a Limited Partnership organized under the laws of Canada, and is registered with the Secretary of State to do business in Montana.

5. Defendant Green Power, Inc. obtained title pursuant to a Deed of Trust recorded on March 25, 2010, under Document No. 141569 Mortgages in the office of the Valley County Clerk and Recorder.

6. Defendant James Osterloh was the Grantee of the aforementioned Deed of Trust, and on information and belief is the current beneficiary of the Deed of Trust.

7. Defendant United States of America, filed two Notices of Lien: 1) Department of Justice Notice of Lien and/or Restitution dated January 7, 2016, recorded January 8, 2016 as Document No. 15379; vs. Michael Peter Spitzauer d/b/a Green Power, Inc. (United States Attorney's Office, Eastern District of Washington); and 2) Department of Justice Notice of Lien and/or Restitution dated December 13, 2018, recorded December 20, 2018 as Document No. 165492; vs. Michael Peter

Spitzauer a/k/a Michael McCune and Michael Peter Scott Spitzauer McCune a/k/a Michael P. Spitzauer McCune d/b/a Green Power, Inc. (United States Attorney's Office/FLU).

8. The property taxes with respect to the property described above became delinquent in 2019. A property tax lien was attached to the above-described property. The tax lien was sold to Boon Capital Group LP on September 26, 2022. A tax lien sale certificate was duly issued and filed or the sale otherwise was recorded as required by Montana law. Notice was given to interested parties in accordance with Section 15-18-212, MCA. The property tax liens were not redeemed by Defendants or by any other person entitled to redeem it in accordance with Section 15-18-111, MCA. On August 22, 2023, Boon Capital Group LP was issued a Tax Deed to the above-described property. A copy of the Tax Deed is attached hereto as Exhibit "A" and incorporated herein by reference. All requirements imposed by law for the attachment of a tax lien, conduct of a tax sale, and issuance of a tax deed have been duly observed and met.

6. Plaintiff is now the owner of the property in fee simple, free of any and all encumbrances, liens and charges of any kind whatsoever. Plaintiff has paid all the taxes and assessments lawfully levied against the property for state, county, school district or other purposes by the taxing authorities, of the State of Montana and the County of Valley during all the time Plaintiff has owned and been in possession of the described property.

7. Defendant, Green Power, Inc. is the former title holder of the above-described property. This Defendant, James Osterioh, and the United States of America, along with all other unknown Defendants, including unknown heirs, unknown devisees, and unknown creditors of any of the above-named Defendants, may claim some right, title, estate or interest in or lien or encumbrance upon said real property, or any part thereof adverse to Plaintiff's ownership, or some cloud upon Plaintiff's title thereto. Any such claim by any of said Defendants is without any merit or right whatsoever, and the

Defendants and each of them have no right, title, estate or interest in or lien or encumbrance upon said real property or any part thereof.

8. Plaintiff is desirous of obtaining complete adjudication of the title to the real property described in this Complaint, and Plaintiff desires to obtain a complete adjudication to the title of said real property, and Plaintiff seeks to have the title to said property quieted, and for that reason, Plaintiff has named as Defendants all persons or entities known or unknown who claim or may claim any right, title, estate, interest in or lien or encumbrance upon said real property adverse to Plaintiff's ownership, whether such cloud or possible claim be present or contingent.

WHEREFORE, Plaintiff prays for judgment as follows:

1. That said Defendants, and all persons unknown, be required to set forth the nature of their claim and that all adverse claims of said Defendant, and all persons unknown, be determined by a decree of this Court, and that in such decree it be declared and adjudged that said Defendant, and all persons unknown, have no right, title, estate or interest whatsoever in or to said lands or premises, or any part of the same, and the Plaintiff's title to the same is good and valid.

2. That said Defendants, and all persons unknown, claiming interest in or lien or encumbrance upon the real property herein described or any part thereof, be forever enjoined and debarred from asserting any claim or claims whatsoever in or to said lands and premises, or any part thereof, adverse to Plaintiffs.

3. That a decree of this Court shall ascertain and determine the right, title, estate, interest in, and claims in the above-described real property, and every part thereof, as pertains to Plaintiff whether the same be legal or equitable, present or future, vested or contingent, or whether the same consists of mortgages or liens of any description, the same to be binding and conclusive upon every person who, at the time of the commencement of this action, had or claimed to have, any right, title,

1  estate or interest in or to said property, or any part thereof, and upon every person claiming under him
2  by title subsequent to this action.

3      4.    That title of the Plaintiff to said real property or any part thereof and the appurtenances
4  thereunto belonging, be wholly quieted and absolutely confirmed in the Plaintiff by Order and Decree
5  of this Court.

6      5.    For such other and further relief as the Court may deem proper.

7  DATED this 16th day of October, 2023.

        Rice & Martin, P.C.

        By: _____
        Bryant S. Martin